# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-40139
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR MANUEL MIRANDA-SORIANO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-869-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Victor Manuel Miranda-Soriano pleaded guilty to illegally reentering the United States following deportation. He was sentenced within the guidelines range to a 46-month term of imprisonment. Miranda-Soriano asserts that the district court failed to consider that his criminal history was overrepresented and further asserts that his sentence was excessive. Citing Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), he contends that the 16-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancement in U.S.S.G. § 2L1.2 is entitled to little deference because, like the crack cocaine Guidelines at issue in Kimbrough, it is not empirically grounded and is therefore flawed, leading to systematic overpunishment, even in the "mine-run case." Accordingly, he suggests that the presumption of reasonableness that usually attaches to within-guidelines sentences should not apply.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Our reading of Kimbrough does not reveal a suggestion that the presumption of reasonableness should not apply to guidelines sentences imposed under § 2L1.2. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), petition for cert. filed (Aug. 20, 2008) (No.

08-5988), which involved a similar challenge to § 2L1.2.  The appellate presumption is therefore applicable in this case.

We conclude that the district court committed no procedural error in this case.  With regard to the substantive reasonableness of the sentence, we hold that Miranda-Soriano has not shown why the presumption of reasonableness does not apply.  Nor has he otherwise demonstrated that there is sufficient justification for not deferring to the district court's decision to impose the properly calculated sentence that it selected.  See Gall, 128 S. Ct. at 597.  Accordingly, the judgment of the district court is AFFIRMED.